## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BRUCE A. KING,                                    Civil Action No. 1:07-cv-428
      Petitioner,

                                        Dlott, J.
   vs.                                           Hogan, M.J.

WARDEN, ROSS CORRECTIONAL                          **REPORT AND**
INSTITUTION,                                       **RECOMMENDATION**
      Respondent.


Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus

pursuant to 28 U.S.C. §2254.  The case is now before the Court upon the petition (Doc. 2),

respondent's motion to dismiss (Doc. 6), and petitioner's memorandum in opposition thereto.

(Doc. 9).


# I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On November 21, 2001, petitioner entered a plea of guilty to one count of aggravated

arson and one count of burglary. (Doc. 6, Exh. 6).  On January 23, 2002, the trial court imposed a

term of eight years imprisonment for aggravated arson and five years imprisonment for burglary

to be served consecutively for a total aggregate term of thirteen years. (Doc. 6, Exh. 7).

### Direct Appeal

Petitioner, represented by trial counsel, filed a timely appeal to the Twelfth District Court

of Appeals, Clermont County, Ohio challenging the trial court's imposition of maximum and

consecutive prison terms. (Doc. 6, Exh. 8). On November 4, 2002, the Ohio Court of Appeals affirmed the decision of the trial court. (Doc. 6, Exh. 11).

Petitioner did not pursue an appeal to the Ohio Supreme Court.

## Post-Conviction Motion

On May 19, 2005, petitioner filed a pro se motion to vacate and reconstruct sentence pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). On June 9, 2005, the trial court construed the motion as a petition for post-conviction relief and denied the petition as untimely, finding that *Blakely* was inapplicable to Ohio's sentencing statutes and therefore petitioner did not meet the exception for allowing late filings. (Doc. 6, Exh. 13).

On September 16, 2005, petitioner timely appealed to the Twelfth District Court of Appeals and raised a single assignment of error: "It is prejudicial error of the court to hold that *Blakely* does not apply to Defendant-Appellant, and more so, violates (his) guarantees under the Sixth Amendment of the U.S. Constitution." (Doc. 6, Exh. 14). The State opposed the assignment of error (Doc. 6, Exh. 15), to which petitioner filed a traverse brief. (Doc. 6, Exh. 16). On February 21, 2006, the Ohio Court of Appeals affirmed the decision of the trial court. (Doc. 6, Exh. 17).

Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. 6, Exh. 18). In his memorandum in support of jurisdiction, petitioner raised three propositions of law:

> I. A petition for post-conviction relief raising a constitutional issue under the new rule in *Blakely v. Washington*, 124 S. Ct. 2531, should be allowed under the Exception Rule of R.C. 2953.23(A)(1)(a).
>
> II. The new constitutional rule in *Blakely v. Washington* is applicable to Ohio's sentencing scheme.

2

III. The new constitutional rule in *Blakely v. Washington* represents the recognition of a new state right that applies retroactively to Appellant.

On June 7, 2006, the Supreme Court of Ohio declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exh. 20).

### Federal Habeas Corpus

On June 6, 2007, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in this Court. (Doc. 2). The petition sets forth one ground for relief:

> **GROUND ONE:** Ohio's procedures for imposing exceptional sentences upward contravene the plain terms of the <u>Apprendi</u> Rule.
>
> **Supporting Facts:** Petitioner was sentenced to additional years in prison based on facts that were found by a preponderance of evidence. Under these circumstances, a jury surely would have found reasonable doubt as to whether Defendant's offense was of the worst form or that he was a candidate for recidivism. (See <u>State v. Comer</u>, 99 Ohio St. 3d 463; the Ohio Supreme Court ruling, "consecutive sentences are reserved for the offenses and offenders.") Defendant's case implicates <u>Apprendi</u>'s core concern that someone accused of committing a crime has the "ability to predict with certainty the judgment from the face of the felony indictment." <u>Apprendi</u>, 530 US at 478. Under the facts alleged in Petitioner's information, the longest sentence that Ohio law allows is much less than the minimum mandated by statute. But, the trial court, with the State's compliance, imposed the greater sentence, base upon facts the Petitioner hotly disputed.

(Doc. 2 at 13-14).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an

application for writ of habeas corpus within one year from the latest of: (A) the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review; (B) the date on which the impediment to filing an application created by

state action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such state action; (C) the date on which the constitutional

right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or (D) the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of

the limitations period is tolled during the pendency of a properly filed application for state

post-conviction relief or other collateral review.

In this case, Ground One of the petition asserts petitioner was sentenced in violation of

the Sixth Amendment pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530

U.S. 466 (2000). Ground One of the petition seeks habeas corpus relief based on alleged errors

that occurred during petitioner's state court trial proceedings. Because nothing in the record

suggests that petitioner could not discover the factual predicate of Ground One of the petition at

the time he was sentenced, this claim is governed by the one-year statute of limitations set forth

in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by

the conclusion of direct review or the expiration of time for seeking such review.[1]

---

[1] Petitioner does not contend that Section 2244(d)(1)(C) applies in this case to delay the start of the statute of limitations. Although petitioner argued in the state courts that his sentence was unconstitutional under the Supreme Court's decision in *Blakely*, he avoids doing so in his federal habeas corpus petition apparently out of a recognition that *Blakely* does not apply retroactively to cases on collateral review. *See* Doc. 2 at 1; *see also Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

Under § 2244(d)(1)(A), petitioner's conviction became "final" on December 19, 2002,
forty-five days after the Ohio Court of Appeals' November 4, 2002 decision affirming the
judgment of the trial court. (Doc. 6, Exh. 11).² Therefore, the statute of limitations commenced
running the following day on December 20, 2002, and expired one year later on December 20,
2003, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the
application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other
applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for
State post-conviction or other collateral review with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of limitation under this subsection." *Id. See
Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See
also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

In this case, the statute of limitations had already expired by the time petitioner filed his
state court petition for post-conviction relief raising his *Blakely* sentencing claim on May 19,
2005. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,*
restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the
limitations period is expired, collateral petitions can no longer serve to avoid a statute of
limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the
AEDPA's one-year period had expired more than one year before petitioner filed his petition for
post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does

---

²Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date
of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of
Ohio.

5

apply.

The statute of limitations in this matter expired on December 20, 2003. Petitioner's habeas corpus petition was filed in this Court on June 1, 2007 and, accordingly, it was submitted over three years too late.

Petitioner argues that his petition is not time-barred because Section 2244(d)(1)(B) applies to his case. Section 2244(d)(1)(B) provides the one-year limitation period begins on "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." Petitioner contends the State of Ohio impeded his ability to file his habeas corpus petition in three ways.

First, petitioner argues that the Ohio Court of Appeals and his appellate counsel failed to inform petitioner of his right to appeal to the Ohio Supreme Court or pursue a writ of habeas corpus in the federal courts. Petitioner states he "is a neophyte in the law" and that his limited access to legal resources and the prison law library impeded his ability to discover his rights, exhaust his claims in the state courts, and prepare a proper habeas petition. (Doc. 9 at 3).

To invoke the limitations provision set forth in § 2244(d)(1)(B), petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of the Constitution or federal law." *Neff v. Brunsman*, No. 1:06-cv-135, 2007 WL 912122, 7 (S.D. Ohio March 23, 2007) (Spiegel, J.; Black, M.J.) (quoting *Evans v. Lazaroff*, No. 2:06-cv-188, 2006 WL 3759697, at *5 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (citations omitted). There must be a causal connection between the allegedly unconstitutional state action and being prevented from filing the petition. *Id.* For example, §

6

2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented him from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F. Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00-cv-803, 2006 WL 746293, at \*5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, S.J.) (unpublished).

In this case, petitioner has failed to establish any unconstitutional state action that prevented him from filing a timely habeas corpus petition. It is well-settled by Supreme Court precedent that an appellant challenging his state criminal conviction is entitled to federal due process protection, including the right to effective assistance of counsel, when the state provides a first appeal as of right. *See, e.g., Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985). However, these constitutional protections do not extend beyond the first appeal as of right to subsequent state discretionary appeals or collateral review. *See Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)).

In Ohio, a criminal defendant's first appeal as of right is his direct appeal to the Ohio Court of Appeals, where he has the constitutional right to effective assistance of counsel in prosecuting that appeal. *See State v. Vaughn,* 241 N.E.2d 288 (Ohio Ct. App. 1968). Here, however, the errors alleged by petitioner occurred in connection with further discretionary review by the Ohio Supreme Court, which had the authority under Rule III, § 6, of the Rules of Practice of the Supreme Court of Ohio, to decide whether or not to grant such an appeal. *See* Rule II, §

7

1(A)(2) and (A)(3), Rules of Practice of the Supreme Court of Ohio.[3]

With the assistance of court-appointed counsel to represent him on appeal, petitioner exercised his constitutional right to a first appeal as of right to the Ohio Court of Appeals. Upon the conclusion of that appeal, petitioner no longer had constitutionally protected rights, including the right to effective assistance of counsel, for the purpose of obtaining further discretionary review by the Ohio Supreme Court, which is at issue here. *Cf. Wainwright v. Torna*, 455 U.S. 586, 587-88 & n.4 (1982) (per curiam) (holding that petitioner was not denied due process by the state supreme court's dismissal of an untimely-filed application for discretionary review or by retained appellate counsel's failure to file a timely application for discretionary review with that court, because petitioner neither had an absolute right to appeal his conviction to the state supreme court nor a constitutionally-protected right to effective assistance of counsel in seeking discretionary review by the state supreme court); *Ross,* 417 U.S. at 610-19 (holding that the state was not constitutionally required to provide a criminal defendant with counsel on discretionary appeal to the state supreme court). Since petitioner's appeal to the Supreme Court of Ohio is not an appeal of right, but rather a discretionary appeal, petitioner has no constitutional right to that appeal, *Finley,* 481 U.S. at 555, and any alleged failure of the Ohio Court of Appeals or his appellate counsel to notify him of any further appeal to the Ohio Supreme Court does not

---

[3]In the Ohio Supreme Court, there are several types of appeals which include "appeals of right" in capital cases and in cases that originated in the court of appeals; "claimed appeals of right" in cases where the appellant claims the existence of a "substantial constitutional question;" and "discretionary appeals" in cases involving a felony or a question of public or great general interest. *See* Rule II, §1(A), Rules of Practice of the Supreme Court of Ohio. This non-capital case, which originated in the trial court, does not involve an appeal of right to the Ohio Supreme Court. Therefore, petitioner could invoke the court's appellate jurisdiction only as a "claimed appeal of right" or "discretionary appeal." The Rules of Practice of the Supreme Court of Ohio clearly provide that in such cases, the state supreme court has the discretion to determine whether or not to allow the appeal. *See* Rule II, §§ 1(A)(2) and 1(A)(3), and Rule III, § 6, Rules of Practice of the Supreme Court of Ohio.

constitute unconstitutional state action under § 2244(d)(1)(B).

Nor does petitioner's assertion of limited access to the prison law library constitute a state created impediment under 28 U.S.C. § 2244(d)(1)(B). *See Maclin v. Robinson*, 74 Fed. Appx. 587, unpublished, 2003 WL 22089274 (6th Cir. September 8, 2003) (being permitted only 1.5 hours of library access per week did not constitute state-created impediment to access to the courts). *See also Horton v. Warden*, No. 2:07-cv-525, 2008 WL 687136, *3 (S.D. Ohio March 11, 2008) (Holschuh, J.). At the time petitioner was convicted and sentenced, the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. There is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Ralph v. Warden, Ross Correctional Inst.*, No. 2:07-cv-199, 2008 WL 659708, *5 (S.D. Ohio March 6, 2008) (Marbley, J.) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). The record fails to establish that petitioner's *pro se* status or insufficient time at the prison's law library prevented him from litigating his claims for the time period at issue.

Petitioner also contends the State of Ohio impeded his ability to file his habeas corpus petition in two other related ways. Petitioner argues that Ohio courts had consistently ruled that *Apprendi* did not apply to Ohio's sentencing statutes and therefore any attempt on his part to appeal on the basis of *Apprendi* would have been a futile act. (Doc. 9 at 6). Petitioner also contends that this "impediment" was not removed until February 27, 2006, when the Ohio

9

Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), which declared several provisions of Ohio's sentencing statute unconstitutional under *Apprendi* and *Blakely*. Petitioner contends that had the Ohio Supreme Court rendered *Foster* in a more timely matter, his petition would not have been delayed. (Doc. 9 at 4-9).

The term "impediment" as set forth in § 2244(d)(1)(B) is not synonymous with the term "futile." *Minter v. Beck,* 230 F.3d 663, 666 (4th Cir. 2000). Thus, even where unfavorable state law precedents would indicate the futility of raising a claim in the state courts, such state law precedents do not constitute an "impediment" within the meaning of § 2244(d)(1)(B). *Minter,* 230 F.3d at 665-66. *See also Golson v. Brunsman*, No. 3:08-cv-012, 2008 WL 281585, 4 (S.D. Ohio 2008) (Rice, J.; Merz, M.J.). *Cf. Scott v. Mitchell*, 209 F.3d 854, 871-72 (6th Cir. 2000) (defendant's failure to raise an issue in state court is not excused by defendant's view, even if reasonable, that argument might be rejected by the state courts). Petitioner fails to show how the Ohio courts, prior to the Ohio Supreme Court's decision in *Foster*, barred him from effectively pursuing federal relief. Nothing impeded petitioner from pursuing his claim either through appeal to the Ohio Supreme Court or by filing his habeas petition in federal court. Therefore, petitioner's arguments for tolling of the statute of limitations under Section 2244(d)(1)(B) are without merit.

Nor is petitioner entitled to equitable tolling in this matter. The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The *Souter* Court held that "where an otherwise time-barred habeas

10

petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

11

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Petitioner's ignorance of the law does not suffice to equitably toll the statute of limitations in this case. *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss be **GRANTED** and that the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack,* 529 U.S. at 484.

adopting this Report and Recommendation would not be taken in "good faith" and, therefore,

DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial

necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 3/24/08

Timothy S. Hogan
United States Magistrate Judge

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRUCE A. KING,                                         Civil Action No. 1:07-cv-428
    Petitioner,

                                  Dlott, J.
    vs.                                                Hogan, M.J.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
    Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S.

Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28

U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation

within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court

and serve on all other parties written objections to the Report and Recommendation, specifically

identifying the portion(s) of the proposed findings, recommendations, or report objected to, together

with a memorandum of law setting forth the basis for such objection(s)  Any response by an

opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing

party has been served with the objections. A party's failure to make objections in accordance with

the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,*

474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

14